### 4537.   HAYWOOD *v.* THE STATE.

RUSSELL, J. Where a witness for the State denied having stated that he was offered a sum of money by a city marshal to produce evidence to convict the accused, and an effort was made to impeach the witness by testimony that he had made such a statement, it was error to permit the marshal to testify that he in fact made the witness no such offer. If the fact referred to was of sufficient materiality to be used as a basis for impeaching the witness, and he was successfully impeached, he could be restored to credit only in the manner authorized by statute.

*Judgment reversed. Pottle, J., dissents.*

DECIDED FEBRUARY 4, 1913.

Accusation of sale of liquor; from city court of Louisville— Judge Phillips. November 6, 1912.

*R. N. Hardeman,* for plaintiff in error.

*J. R. Phillips, solicitor,* contra.

POTTLE, J., dissenting. The accused having introduced evidence that the principal witness for the State admitted that the arresting officer had, prior to the arrest, offered the witness a sum of money to produce evidence to convict, it was not error, although the witness denied having made such a statement, to permit the arresting officer to testify that he made no such offer. The accused having thus attacked the character and credibility of the State's witness, the testimony of the arresting officer was admissible in corroboration of that witness, upon the theory that the State's witness would not likely have made a false statement which tended to discredit his character.